**Gerald Arnold WIEDEMANN, Plaintiff,**

v.

**The CITY OF OKLAHOMA CITY, Defendant.**

No. Civ–00–2139–A.

United States District Court, W.D. Oklahoma.

Feb. 14, 2002.

Frederick W. Southern, Jr., Oklahoma City, OK, for Plaintiff.

Richard E. Mahoney, Municipal Counselor's Office, Oklahoma City, for Defendant.

**ORDER**

ALLEY, District Judge.

This matter comes before the Court on the untimely response by Plaintiff's counsel to the Court's show cause order. The Court concludes that as a result of counsel's conduct, a public reprimand is warranted.

On December 11, 2001, the Court issued a docket for Status and Scheduling conferences. This case was placed on the docket at 11:20 a.m on January 25, 2002. On January 18, 2002, the parties submitted a joint status report and a joint discovery plan. The report acknowledges that the status conference was to be held on Janu-

ary 25, 2002 at 11:20 a.m. On January 25, 2002, Plaintiff's counsel, Fred Southern, failed to appear. Mr. Southern did not call the Court to offer an explanation for his failure. Despite Mr. Southern's absence, the Court entered a scheduling order. Thereafter the Court issued a Show Cause Order seeking an explanation for Mr. Southern's unexcused absence. The Show Cause Order requested a response not later than February 8, 2002.

On February 11, 2002, the Court received an untimely response to its Show Cause Order. The response does not inform the Court why Mr. Southern failed to comply with the February 8, 2002 deadline. Instead, it merely represents that Mr. Southern was engaged in a telephone conference in another case and missed his Court date. Counsel asserts that he did not intentionally fail to appear, although it is obvious from his filing that he was aware of his obligation to attend and that he was correctly informed of the time and place of the conference. In addition, based on counsel's representations in his response, he did not forget about the conference, having contacted defense counsel on the morning of January 25, 2002 to confirm the time of the conference. Counsel's only excuse is that he was engaged in other matters relating to other clients.

Although the Court understands the rigors of practicing law, it is inexcusable for counsel to fail to appear at a status conference. Mr. Southern's actions, however, are more egregious in that after failing to appear he did not contact the Court to offer an explanation or an apology for his absence. To further compound his lack of diligence Mr. Southern's response to the Court's Show Cause Order was filed late, without any explanation as to why. These failures, taken individually or collectively, are inexcusable, and Mr. Southern is hereby publicly reprimanded for his failure to appear and his failure to timely respond to the show cause order.

This Order is to be printed in the Federal Supplement and is to be circulated to all other judges of this Court. In addition, the Clerk of Court is hereby ordered to retain a copy of this Order in a manner that it may be retrieved in the event future proceedings are warranted against Mr. Southern.